CITY OF DANBURY *v.* JORMAN M. HOVI ET AL.
(13071)

Considered March 14—decision released April 12, 1994

*Daniel T. Eberhard,* in support of the motion.

*Jorman M. Hovi,* pro se, in opposition to the motion.

PER CURIAM. This is a foreclosure action brought by the plaintiff city of Danbury against the defendants, Jorman M. Hovi and Joan L. Hovi.[1] The plaintiff moves to dismiss the appeal for lack of a final judgment. The dispositive issue in this case is whether a final judgment exists where summary judgment has been granted in a foreclosure action, but the amount of debt and the method of foreclosure have yet to be determined.

In its complaint, the plaintiff sought foreclosure of several municipal tax, sewer and water liens. On October 20, 1993, the plaintiff moved for summary judgment. The trial court granted the plaintiff's motion on November 15, 1993. In its order, the trial court indicated that summary judgment was "granted as to liability only." The court also ordered that the case be "assign[ed] for findings on debt and entering of foreclosure judgment." On December 3, 1993, the defendant appealed from the entry of summary judgment.

The trial court's order granting summary judgment clearly reveals that the amount of debt owed to the plaintiff, as well as whether the foreclosure should be strict or by sale, has not yet been determined. In *Essex Savings Bank* v. *Frimberger,* 26 Conn. App. 80, 597

---

[1] While the plaintiff's complaint names other defendants, they are not parties to this appeal. When certain of the liens were due and payable, Jorman M. Hovi and Joan L. Hovi were the record owners of the subject property. In 1986, however, the defendant Jorman M. Hovi, as trustee, became the record owner of the property. Therefore, we refer to Jorman M. Hovi as the defendant.

A.2d 1289 (1991), we dismissed an appeal from the entry of summary judgment for lack of a final judgment because the trial court had yet to determine the amount of the debt, the attorney's fees or whether the foreclosure should be strict or by sale. "A judgment such as the one rendered herein is interlocutory in character and is not a final judgment from which an appeal properly lies." *Mac's Car City, Inc.* v. *DiLoreto,* 33 Conn. App. 131, 132, 634 A.2d 1187 (1993) (appeal from summary judgment rendered in action to foreclose judgment lien was dismissed for lack of final judgment because appeal was taken before trial court determined amount of debt and attorney's fees and whether foreclosure should be strict or by sale).

"The lack of final judgment is a threshold question that implicates the subject matter jurisdiction of this court." *Schick* v. *Windsor Airmotive Division/Barnes Group,* 31 Conn. App. 819, 822, 627 A.2d 478 (1993), citing *Walton* v. *New Hartford,* 223 Conn. 155, 162 n.9, 612 A.2d 1153 (1992). Because this appeal was not taken from a final judgment, it must be dismissed. *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 86, 495 A.2d 1063 (1985).

The plaintiff's motion to dismiss the appeal is granted.