******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DEUTSCHE BANK NATIONAL TRUST COMPANY,
TRUSTEE *v.* ALVIN POLLARD ET AL.
(AC 40259)

Lavine, Bright and Bishop, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property
of the defendant P, who filed an answer with special defenses and
a six count counterclaim. The counterclaim contested, inter alia, the
plaintiff's standing to bring the foreclosure action and alleged that the
mortgage lien and underlying debt had been discharged in bankruptcy.
Thereafter, the plaintiff filed a motion for summary judgment as to
liability on its complaint and on the counterclaim. The trial court granted
the motion for summary judgment, and P appealed to this court. In an
articulation of its decision, the trial court stated that it had granted the
motion for summary judgment on the ground of legal insufficiency and
because the counterclaim did not relate to the making, validity or
enforcement of the note or mortgage, and, therefore, failed to satisfy
the transaction test. This court, thereafter, dismissed the portion of P's
appeal challenging the trial court's granting of the motion for summary
judgment as to liability on the complaint for lack of a final judgment.
*Held* that the trial court properly rendered summary judgment in favor
of the plaintiff on P's counterclaim; that court aptly applied the transac-
tion test and did not abuse its discretion in determining that the claims
asserted in the counterclaim did not have a sufficient nexus to the
making, validity or enforcement of the note or mortgage to survive
summary judgment, and other than a broad and conclusory claim in his
appellate brief that the court construed the transaction test too narrowly,
P provided this court with no argument specific to any claim in his
counterclaim and failed to set forth any reasoning in support of his
contention that the counterclaim fell within the parameters of the trans-
action test.

Argued April 18—officially released June 5, 2018

*Procedural History*

Action to foreclose a mortgage on certain of the
named defendant's real property, and for other relief,
brought to the Superior Court in the judicial district of
Hartford, where the named defendant filed a counter-
claim; thereafter, the court, *Dubay, J.*, granted the plain-
tiff's motion for summary judgment as to liability on
the complaint and on the counterclaim and rendered
judgment for the plaintiff on the counterclaim; subse-
quently, the court, denied the named defendant's
motion to reargue, and the named defendant appealed
to the court; thereafter, the court, *Dubay, J.*, issued
an articulation of its decision; subsequently, this court
dismissed the appeal in part. *Affirmed.*

*Alvin Pollard*, self-represented, the appellant
(defendant).

*Melanie Dykas*, with whom, on the brief, was *Tara
L. Trifon*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this foreclosure action, the self-represented defendant Alvin Pollard[1] appeals from the trial court's rendering of summary judgment in favor of the plaintiff, Deutsche Bank National Trust Company,[2] as to liability on the complaint and rendering summary judgment in favor of the plaintiff on the defendant's counterclaim. The defendant appeals, as well, from the court's denial of his motion to reargue. We affirm the judgment of the trial court as to the defendant's counterclaim.

The following facts and procedural history are relevant to our discussion of the issues on appeal. By complaint dated August 14, 2015, the plaintiff brought this action against the defendant to foreclose a mortgage on residential property located at 6 Wild Rose Court in Bloomfield. The loan indebtedness and related mortgage arose in conjunction with a loan to the defendant from the plaintiff's predecessor in interest, New Century Mortgage Corporation. In response, by pleading dated September 14, 2015, the defendant filed an answer, numerous special defenses and a six count counterclaim contesting, inter alia, the plaintiff's standing to bring this action and alleging that the mortgage lien and underlying debt in question had been discharged in bankruptcy. Thereafter, on April 6, 2016, the plaintiff moved for summary judgment as to liability on its complaint and the counterclaim asserted by the defendant. On January 6, 2017, the court granted the plaintiff's motion for summary judgment. Subsequently, on March 3, 2017, the court denied the defendant's motion to reargue. This appeal followed.

During the pendency of this appeal, the trial court, on prompting from this court, articulated its reasons for granting the motion for summary judgment. On April 27, 2017, the court stated that it had granted the motion for summary judgment as to liability on the plaintiff's complaint and that the eight special defenses and the six count counterclaim filed by the defendant were legally insufficient to the extent they could be comprehended. The court stated, as well, that the special defenses and counterclaim did not satisfy the transaction test requiring that they relate to the making, validity or enforcement of the note or mortgage.

Also, while this appeal was pending, this court dismissed the portion of the defendant's appeal regarding the trial court's granting of the motion for summary judgment as to liability on the complaint on the ground that the court's order in this regard is not a final judgment. See *Danbury* v. *Hovi*, 34 Conn. App. 121, 123, 640 A.2d 609 (1994) (appeal dismissed for lack of final judgment when trial court rendered summary judgment as to liability only); see also *Essex Savings Bank* v. *Frimberger*, 26 Conn. App. 80, 597 A.2d 1289 (1991)

(appeal dismissed for lack of final judgment from summary judgment on plaintiff's complaint when "[t]rial court has yet to determine the amount of the debt, the attorney's fees, or even whether the foreclosure shall be strict or by sale"). Accordingly, all that remains for this court to decide on review is the defendant's claim that the court incorrectly rendered summary judgment as to his counterclaim.[3]

In brief, the defendant argues that the court too narrowly construed the transaction test in determining that his counterclaim did not relate to the making, validity or enforcement of the note or mortgage.[4] As a result, the defendant asserts that the court erred in rendering summary judgment in favor of the plaintiff. "Our review of the decision to grant a motion for summary judgment is plenary." (Internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Sorrentino*, 158 Conn. App. 84, 94, 118 A.3d 607, cert. denied, 319 Conn. 951, 125 A.3d 530 (2015). "The transaction test is one of practicality, and the trial court's determination as to whether that test has been met ought not be disturbed except for an abuse of discretion." (Internal quotation marks omitted.) *Morgera* v. *Chiappardi*, 74 Conn. App. 442, 449, 813 A.2d 89 (2003).

Other than a broad and conclusory claim that the court too narrowly construed the transaction test, the defendant has provided this court with no argument specific to any count of his counterclaim; nor has he set forth any reasoning in support of the notion that his pleadings fall within the parameters of the transaction test.[5] Although we recognize and adhere to the well-founded policy to accord leeway to self-represented parties in the appeal process, our deference is not unlimited; nor is a litigant on appeal relieved of the obligation to sufficiently articulate a claim so that it is recognizable to a reviewing court. "[I]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party. . . . This rule of construction has limits, however. Although we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law. . . . In addition, while courts should not construe pleadings narrowly and technically, courts also cannot contort pleadings in such a way so as to strain the bounds of rational comprehension." (Internal quotation marks omitted.) *Mourning* v. *Commissioner of Correction*, 120 Conn. App. 612, 624–25, 992 A.2d 1169, cert. denied, 297 Conn. 919, 996 A.2d 1192 (2010); see also *Rutka* v. *Meriden*, 145 Conn. App. 202, 218, 75 A.3d 722 (2013).

On the basis of our thorough review of each count of the defendant's counterclaim, we conclude that the

court aptly applied the transaction test and did not abuse its discretion in determining that the matters asserted therein by the defendant did not have a sufficient nexus to the making, validity or enforcement of the note or mortgage to survive summary judgment. See *U.S. Bank National Assn.* v. *Sorrentino*, supra, 158 Conn. App. 97.

The judgment is affirmed as to the counterclaim.

[1] Wynfield Homeowners Association, Inc., New Century Mortgage Corporation, United States of America, Secretary of Department of Housing and Urban Development, State of Connecticut, Department of Revenue Services, and University of Connecticut Health Center-John Dempsey Hospital also were named as defendants but are not parties to this appeal. We therefore refer in this opinion to Pollard as the defendant.

[2] The plaintiff is acting as trustee for New Century Home Equity Loan Trust, Series 2005-D, Asset Backed Pass-Through Certificates.

[3] We briefly comment on the defendant's argument that his discharge in bankruptcy served to release the subject property from the plaintiff's lien securing the underlying debt. The following additional information is pertinent to this claim.

The record reflects that the defendant filed a bankruptcy petition under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 701 et seq., in the United States Bankruptcy Court for the District of Connecticut on May 5, 2016, and that he received a discharge in bankruptcy under 11 U.S.C. § 727 on August 31, 2016. He claims this occurrence served to relieve him not only of the obligation reflected in the note, but also as a result of the bankruptcy discharge, the plaintiff no longer has a lien on his property. He is incorrect. Apparently, the defendant has the mistaken belief that because he did not list the plaintiff therein as a secured creditor in his bankruptcy petition but, rather, claimed, in his filing, that the debt alleged by the plaintiff was unsecured, he is not only discharged from the underlying obligation but that the plaintiff's security interest in the subject property is no longer valid. In making this assertion, the defendant, however, highlights a misunderstanding of bankruptcy law; he also ignores the clear statement made by his assigned bankruptcy trustee in papers filed in conjunction with his bankruptcy proceedings that secured obligations are not subject to discharge in the chapter 7 filing. As part of its order of discharge, the Bankruptcy Court noted that "a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated." There is no evidence of either occurrence. In short, the defendant is under an incorrect apprehension of the legal effect of his discharge in bankruptcy.

[4] "[I]n assessing the legal viability of counterclaims to a foreclosure action, the court should employ the transaction test set forth in Practice Book § 10-10, and . . . although this test may require an assessment of whether the counterclaim in question relates to the making, validity or enforcement of the subject note and mortgage, there can be such a nexus even though the counterclaim may not directly attack the making, validity or enforcement of the mortgage and note which form the basis of the foreclosure complaint." *CitiMortgage, Inc.* v. *Rey*, 150 Conn. App. 595, 605–606, 92 A.3d 278 (trial court incorrectly struck defendant's counterclaim because it satisfied transaction test), cert. denied, 314 Conn. 905, 99 A.3d 635 (2014).

[5] We also note that the defendant did not raise the transaction test argument in his objection to the plaintiff's motion for summary judgment. This court typically will not review arguments raised for the first time on appeal to prevent trial by ambuscade. See, e.g., *Billboards Divinity, LLC* v. *Commissioner of Transportation*, 133 Conn. App. 405, 411, 35 A.3d 395, cert. denied, 304 Conn. 916, 40 A.3d 783 (2012). We review this claim in this instance only because the court, in its decision, expressly found that the counterclaim did not meet the transaction test.