******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SEAPORT CAPITAL PARTNERS, LLC
*v.* SHERI SPEER
(AC 43467)

Prescott, Moll and Suarez, Js.

*Syllabus*

The plaintiff in error, who had been appointed the receiver of rents in certain foreclosure actions, filed a writ of error, claiming that the court improperly granted a motion for a protective order filed by the defendant in error, S Co., to preclude certain of his discovery requests and held him liable to pay a certain sum to S Co. The plaintiff in error filed the writ of error in the Supreme Court, which transferred it to this court. *Held* that because the plaintiff in error failed to brief his claims adequately and to comport his brief and appendix with the appellate rules of practice, this court declined to review his claims and dismissed the writ of error; any meaningful comprehension or review of the plaintiff in error's claims was made virtually impossible because of the significant deficiencies in his appellate brief and sprawling appendix, which was not appropriately limited in accordance with the rules of practice and appeared to contain materials that were not part of the proceedings at issue.

Argued January 7—officially released February 2, 2021

*Procedural History*

Writ of error from the orders of the Superior Court in the judicial district of New London, *Cosgrove, J.*, granting the motion filed by the defendant in error, Seaport Capital Partners, LLC, for a protective order to preclude certain discovery requests and holding the plaintiff in error personally liable for certain sums, brought to the Supreme Court, which transferred the matter to this court. *Writ of error dismissed.*

*Edward Bona*, self-represented, the plaintiff in error.

*Lloyd L. Langhammer*, with whom, on the brief, was *Donna R. Skaats*, for the defendant in error (Seaport Capital Partners, LLC).

*Opinion*

PER CURIAM. In this writ of error,[1] the plaintiff in error, Edward Bona, an attorney appointed by the court to act as a receiver of rents in the underlying foreclosure action, challenges the judgment of the court granting a motion for a protective order filed by the defendant in error, Seaport Capital Partners, LLC (Seaport), to preclude certain discovery requests Bona made to Seaport and holding Bona personally liable to Seaport for $11,903.47.[2]

According to Bona, the court improperly (1) failed to account for certain evidence he offered, (2) ordered him to pay Seaport despite the fact that "he never had and never collected" the money at issue, (3) denied a motion to disqualify Seaport's counsel, Donna R. Skaats, (4) denied a motion to disqualify Judge Koletsky, who previously had ruled in this matter against him, (5) denied him due process because notice of the hearing was inadequate and the court acted without a proper motion filed by a party, and (6) "engaged in plain error by ratifying an open and notorious fraud upon the court . . . ." Seaport responds, inter alia, that this court should decline to review Bona's claims because his appellate brief and accompanying appendix are "virtually incomprehensible," difficult to respond to, and "not in accordance with appellate practice." We agree with Seaport, decline to review Bona's claims, and dismiss the writ of error because his claims are inadequately briefed and Bona has failed to comport his brief and appendix with our rules of appellate practice.

Practice Book § 67-4 sets forth detailed requirements regarding the contents and organization of an appellant's brief. Among its provisions is the requirement that an appellant's brief contain "[a] statement of the nature of the proceedings and of the facts of the case *bearing on the issues raised*," and that this statement "shall be supported by appropriate references to the [record] and shall not be *unnecessarily detailed* or voluminous." (Emphasis added.) Practice Book § 67-4 (d). As to each claim of error, the argument section of the brief must include a "brief statement of the standard of review . . . ." Practice Book § 67-4 (e). The contents and organization of the appendix are governed by Practice Book § 67-8. The commentary to Practice Book § 67-8 expressly cautions that an appellant should not include anything in the appendix that "is not necessary for the proper presentation of the issues and was not part of the proceedings below."

Both this court and our Supreme Court "repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue prop-

erly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited." (Citation omitted; internal quotation marks omitted.) *State* v. *Buhl*, 321 Conn. 688, 724, 138 A.3d 868 (2016); see also *Parnoff* v. *Mooney*, 132 Conn. App. 512, 518, 35 A.3d 283 (2011) ("[i]t is not the role of this court to undertake the legal research and analyze the facts in support of a claim or argument when it has not been briefed adequately" (internal quotation marks omitted)).

In the present case, any meaningful comprehension or review by this court of the claims that Bona attempts to raise in the present writ of error is made virtually impossible because of the significant deficiencies in his appellate brief. The brief first fails to provide a cogent narrative of the underlying proceedings necessary to place into context the factual and legal bases of the claims raised. The argument section is difficult to comprehend and contains little to no relevant legal citations or citations to relevant portions of the record. The sprawling appendix is not appropriately limited in accordance with our rules of practice and appears to contain materials that were not part of the proceedings at issue. Adequate briefing is necessary in order to avoid abandoning an issue on appeal. See, e.g., *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control*, 266 Conn. 108, 120, 830 A.2d 1121 (2003). Because we conclude that Bona has failed to meet this burden with respect to any of the claims he seeks to advance in the present writ of error, we deem his claims abandoned and dismiss the writ.

The writ of error is dismissed.

[1] The writ of error originally was filed with our Supreme Court, which transferred the matter to this court in accordance with General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] By way of background, in 2012, Seaport commenced nine foreclosure actions against Sheri Speer with respect to certain rental properties that she owned in Norwich and New London. See *Seaport Capital Partners, LLC* v. *Speer*, 177 Conn. App. 1, 3, 171 A.3d 472 (2017), cert. denied, 331 Conn. 931, 207 A.3d 1052 (2019). In each action, Seaport filed motions for the appointment of a receiver of rents. Id. The court granted Seaport's motions over Speer's objection and, by agreement of the parties, appointed Bona as the receiver of rents. Id., 3–4. When first appointed, Bona represented Speer in the foreclosure actions, but soon thereafter he withdrew from representing her. Id., 4 n.3. A substitute receiver later was appointed in place of Bona, and Bona was ordered to file reports detailing a final accounting for each property and to pay over to Seaport any amounts collected for which he could not account. Id., 4–6. The court refused to accept Bona's reports and granted a motion by Seaport for an order of payment regarding missing funds. Id. Bona challenged those decisions in a prior writ of error, which this court dismissed on the merits. Id., 3. Following the dismissal of that writ of error, the trial court, *Cosgrove, J.*, granted Seaport's motion for a protective order to preclude Bona from making discovery requests without leave of the court. The court also denied Bona's motions to disqualify Seaport's counsel and Judge Koletsky, who, in addition to other rulings, had rendered the judgment of foreclosure in this matter. It is these latest rulings by Judge Cosgrove that are the subject of the present writ of error.