******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

STEVEN K. STANLEY *v.* ADAM B. SCOTT ET AL.
(AC 47829)

Moll, Seeley and Wilson, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment dismissing his civil action against the defendants, assistant state's attorneys, who had successfully prosecuted him. In the underlying action, the plaintiff had sought damages from the defendants related to their use of his cell phone records in connection with his criminal trial. *Held*:

This court affirmed the trial court's judgment, as the deficiencies in the plaintiff's briefs left this court unable to undertake any appellate review of any claim.

Argued April 23—officially released July 15, 2025

*Procedural History*

Action to recover damages for the defendants' alleged violation of the plaintiff's federal constitutional privacy rights, brought to the Superior Court in the judicial district of Tolland where the court, *Macierowski, J.*, granted the defendants' motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Steven K. Stanley*, self-represented, the appellant (plaintiff).

*Stephen R. Finucane*, assistant attorney general, with whom were *Isabel Wagner*, legal intern, and, on the brief, *William Tong*, attorney general, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Steven K. Stanley, appeals following the judgment of the trial court dismissing his civil action against the defendants, Adam

B. Scott and Anthony Spinella.[1] The defendants, in their capacities as assistant state's attorneys, were involved in a successful prosecution of the plaintiff, which resulted in his conviction of multiple crimes and imprisonment.[2] Thereafter, in the underlying action, the plaintiff sought damages from the defendants related to their use of his cell phone records as evidence in connection with his criminal trial.[3]

The plaintiff's principal appellate brief and his reply brief are incomprehensible; the plaintiff neither identifies a cogent claim of error nor adequately analyzes such a claim.[4] This appeal is governed by our analysis in another appeal that was brought by the plaintiff, *Stanley* v. *Commissioner of Correction*, 233 Conn. App. 759, , A.3d (2025), which we resolve today. The deficiencies in the plaintiff's briefs leave us unable to undertake appellate review of any claim and, thus, we affirm the judgment of the trial court.

The judgment is affirmed.

___

[1] The plaintiff, who is currently incarcerated, appeared as a self-represented litigant before the trial court in the underlying action and he appears before this court as a self-represented litigant.

[2] See *State* v. *Stanley*, 161 Conn. App. 10, 125 A.3d 1078 (2015), cert. denied, 320 Conn. 918, 131 A.3d 1154 (2016).

[3] The trial court concluded that the plaintiff's action was brought pursuant to 42 U.S.C. § 1983. The court stated that the plaintiff, who was seeking damages of fifty million dollars, had alleged "that the defendants violated his constitutional privacy rights under the fourth and fourteenth amendments [to] the [United States] constitution by using his personal cell phone records against him in the course of their prosecution and at trial." Following a hearing, the court granted the defendants' motion to dismiss the action with prejudice. The court concluded that the action was (1) barred by the doctrine of res judicata and (2) frivolous pursuant to Practice Book § 1-25.

[4] We note that, beyond any attempt made by the plaintiff to challenge the legal grounds on which the court relied in dismissing his civil action, he baldly asserts in his principal appellate brief that the trial judge, *Macierowski, J.*, was "bias[ed]." The record reflects that the plaintiff moved to disqualify Judge Macierowski, who denied the motion to disqualify on its merits. Nevertheless, the plaintiff has not addressed the merits of that ruling in this appeal.