******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STEVEN K. STANLEY *v.* COMMISSIONER OF
CORRECTION ET AL.
(AC 47706)

Moll, Seeley and Wilson, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment dismissing his civil action against the defendants, employees of the Department of Correction, following the court's grant of their motion to dismiss. The court concluded that the action was barred by the doctrine of res judicata and was frivolous pursuant to the rule of practice (§ 1-25). *Held*:

This court affirmed the trial court's judgment, as it was unable to undertake appellate review of any claim of error due to the inadequacy of the plaintiff's briefs, which were incomprehensible.

Argued April 23—officially released July 15, 2025

*Procedural History*

Action to recover damages for the alleged deprivation of the plaintiff's civil rights, brought to the Superior Court in the judicial district of Tolland, where the court, *Macierowski, J.*, granted the defendants' motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Steven K. Stanley*, self-represented, the appellant (plaintiff).

*Stephen R. Finucane*, assistant attorney general, with whom were *Isabel Wagner*, legal intern, and, on the brief, *William Tong*, attorney general, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Steven K. Stanley, appeals following the judgment of the trial court dismissing his civil action against the defendants, whom he identified as the "Commissioner of Correction," "Moore Lisaison,"

"Dep. Warden Ogaindo," and "C.O. Hesse."[1] The plaintiff sought damages from the defendants resulting from a prison disciplinary report that was issued for his misconduct while incarcerated, which resulted in sanctions.[2] Due to the inadequacy of the briefs filed by the plaintiff in this appeal, we are unable to undertake appellate review of any claim of error. Accordingly, we affirm the judgment of the trial court.

The plaintiff, in his principal appellate brief and his reply brief, neither sets forth a cogent claim of error by the trial court nor adequately analyzes such a claim by reference to the court's rulings, the record developed at the underlying proceeding, the relevant facts at issue, or the applicable legal principles. In short, the briefs are incomprehensible. As this court has often observed, "[w]e are not required to review issues that have been improperly presented to this court through an inadequate brief . . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . .

---

[1] We have taken the names of the defendants directly from the plaintiff's summons, which is part of the record. It is undisputed that the defendants, who were sued in their individual capacities, are employees of the Department of Correction. The plaintiff is incarcerated as a result of a conviction of 100 counts of criminal violation of a protective order, stalking in the first degree, and threatening in the second degree. See *State* v. *Stanley*, 161 Conn. App. 10, 12, 125 A.3d 1078 (2015), cert. denied, 320 Conn. 918, 131 A.3d 1154 (2016). The plaintiff appeared as a self-represented litigant in the action underlying this appeal. The plaintiff appears before this court as a self-represented litigant.

[2] The legal grounds for the plaintiff's action are not readily apparent. The trial court concluded that the pleadings were "best read as an action pursuant to 42 U.S.C. § 1983, claiming that the defendants violated his federal fourteenth amendment right to due process." Following a hearing, the court granted the defendants' motion to dismiss the action with prejudice. The court concluded that the action was (1) barred by the doctrine of res judicata and (2) frivolous pursuant to Practice Book § 1-25.

The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited." (Internal quotation marks omitted.) *Pascual* v. *Perry*, 230 Conn. App. 483, 502–503, 330 A.3d 161 (2025); see also *Seaport Capital Partners*, *LLC* v. *Speer*, 202 Conn. App. 487, 490, 246 A.3d 77 (writ of error dismissed due to significant deficiencies in appellate brief that made meaningful comprehension or review of claims raised virtually impossible), cert. denied, 336 Conn. 942, 250 A.3d 40 (2021).

The plaintiff's status as a self-represented litigant does not permit us to overlook the fatal deficiencies in his briefs. "Although we recognize and adhere to the well-founded policy to accord leeway to self-represented parties in the appeal process, our deference is not unlimited; nor is a litigant on appeal relieved of the obligation to sufficiently articulate a claim so that it is recognizable to a reviewing court." *Deutsche Bank National Trust Co.* v. *Pollard*, 182 Conn. App. 483, 487, 189 A.3d 1232 (2018).

The judgment is affirmed.