******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOSE RAMOS *v.* STATE OF CONNECTICUT
(AC 47066)

Alvord, Seeley and Flynn, Js.

*Syllabus*

The self-represented plaintiff, who had previously been convicted of murder, appealed from the judgment of the trial court dismissing his action against the defendant, the state of Connecticut, in which he sought, inter alia, declaratory and injunctive relief and punitive damages. The plaintiff claimed, inter alia, that the court improperly granted the state's motion to dismiss the action on the ground of sovereign immunity without permitting oral argument on the motion pursuant to the rule of practice (§ 11-18). *Held*:

This court declined to review the plaintiff's inadequately briefed claims that the trial court improperly granted the state's motion to dismiss the action and did so without permitting oral argument on the motion.

Argued December 10, 2024—officially released February 4, 2025

*Procedural History*

Action seeking, inter alia, declaratory and injunctive relief with respect to the plaintiff's conviction for the crime of murder, and for other relief, brought to the Superior Court in the judicial district of New London, where the court, *Spallone, J.*, granted the state's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Jose Ramos*, self-represented, the appellant (plaintiff).

*Lisamaria Teresa Proscino*, assistant attorney general, with whom, on the brief, was *William Tong*, attorney general, for the appellee (state).

*Opinion*

SEELEY, J. The self-represented plaintiff, Jose Ramos, who previously had been convicted of murder in violation of General Statutes § 53a-54a and sentenced to sixty years of imprisonment, appeals from the judgment of the trial court dismissing his action against the

defendant, the state of Connecticut (state), in which he sought declaratory and injunctive relief, punitive damages, and to have his conviction vacated and a new criminal trial. On appeal, he claims that the court improperly (1) granted the state's motion to dismiss the action and (2) did so without oral argument on the motion. We conclude that the plaintiff's claims are inadequately briefed and, thus, decline to review them. Accordingly, we affirm the judgment of the court.

The following factual and procedural history is relevant to our resolution of this appeal. The plaintiff was convicted, following a jury trial, of murder in connection with the shooting death of the victim, Tynel Hardwick, on October 10, 2008. On direct appeal from his conviction, this court affirmed the judgment of conviction. See *State* v. *Ramos*, 178 Conn. App. 400, 175 A.3d 1265 (2017), cert. denied, 327 Conn. 1003, 176 A.3d 1195, cert. denied, 585 U.S. 1007, 138 S. Ct. 2656, 201 L. Ed. 2d 1056 (2018). In that appeal, this court set forth the following facts, which the jury reasonably could have found: "On the evening of October 10, 2008, [the victim] and his fiancée, Lenore Robinson, were at Rumors Bar on Boswell Avenue in Norwich (Rumors). At that time, the [plaintiff] was also at Rumors with his friends Lattoya Small and Dishon Morgan. Small observed the [plaintiff] and the victim engaged in a verbal dispute. Thereafter, the [plaintiff] asked Small to drive him to the apartment of his sister, Shavanha Kincade (Shavanha), and her husband, James Kincade (James), a few miles away, and Morgan joined them. The [plaintiff] had left a rifle at the apartment in late summer, 2008, while he was staying with them. When the [plaintiff] arrived at the apartment, Shavanha and James were away for the evening and James' mother was caring for their young child. The [plaintiff] went into the apartment and retrieved the rifle. The [plaintiff], Small, and Morgan returned to Boswell Avenue across from

Rumors. The [plaintiff] got out of the car at a distance away from Rumors and positioned himself in a grassy area in sight of the bar. When the victim came out of the bar, the [plaintiff] shot and killed him with a single gunshot wound to the head. The [plaintiff] then returned to Small's car and Small, accompanied by Morgan, drove the [plaintiff] to Hartford.

"During their investigation in October, 2008, the police discovered .22 caliber rounds, a burnt cigar, earplugs, and footprints in the grass across the street from Rumors, but they were unable to identify any suspects. The [plaintiff] was implicated as the shooter in 2012 as part of a cold case investigation led by Detective Corey Poore of the Norwich Police Department. On September 25, 2012, while the [plaintiff] was living in New York City, Norwich detectives located him in Brooklyn. The Brooklyn detectives arrested him as a fugitive from justice, and the Norwich detectives subsequently extradited him to Connecticut. He then was charged with murder in violation of § 53a-54a. Following the presentation of evidence, the jury returned a verdict of guilty. Thereafter, the court sentenced the [plaintiff] to a total effective sentence of sixty years [of] imprisonment." Id., 402–403.

In 2016, while the plaintiff's direct appeal was pending, the plaintiff filed a petition for a writ of habeas corpus and a petition for a new trial, both of which raised claims concerning alleged violations of the plaintiff's constitutional rights, actual innocence, and ineffective assistance of counsel received by the plaintiff. The matters were consolidated and tried to the court over multiple days, commencing on December 1, 2022. In a comprehensive written decision dated July 11, 2023, the court, *Newson, J.*, rendered judgments denying both petitions. See *Ramos* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No.

CV-16-4008151-S (July 11, 2023); *Ramos* v. *State*, Superior Court, judicial district of Tolland, Docket No. CV-16-5012323-S (July 11, 2023). In its decision, the court thoroughly addressed and rejected the seven claims raised in the habeas petition. Those claims alleged the following: (1) actual innocence; (2) a due process violation stemming from the state's withholding of exculpatory evidence; (3) a due process violation stemming from the state's knowing presentation of false testimony; (4) ineffective assistance of counsel provided by criminal trial counsel; (5) a due process violation stemming from the state's failure to preserve evidence; (6) a due process violation resulting from the denial of the plaintiff's right to confront and cross-examine his accusers, namely, the lead prosecutor and the state; and (7) a violation of his rights to equal protection and due process by the trial court and the prosecuting authority for their failure to advise him of his constitutional rights, to suppress statements, to canvass him, and to allow him to represent himself. See id. Thereafter, the court addressed the petition for a new trial, noting that "[m]any of the [plaintiff's] allegations in support of his petition for a new trial are nothing more than reformulations of factual allegations [that he] made in support of the claims made in his petition for a writ of habeas corpus. He claims in his petition for a new trial, however, that some of this information constitutes 'newly discovered evidence' which calls his original verdict into question and warrants a new trial." Id. The court determined that each of the claims raised in the petition for a new trial failed, primarily for lack of evidence. Id. The plaintiff thereafter appealed from the judgment denying his petition for a new trial. Subsequently, following the denial of his petition for certification to appeal, the plaintiff filed a separate appeal from the judgment denying his petition for a writ of habeas corpus. Both of those appeals are currently pending before this court.

On January 10, 2023, during the pendency of the plaintiff's habeas action and 2016 petition for a new trial, the plaintiff commenced the present action, which he characterizes as a "common-law cause of action . . . ."[1] In this action, the plaintiff alleges violations of his rights under the first, fourth, fifth, seventh, eighth, ninth, and fourteenth amendments, as well as articles III and VI, of the federal constitution. The plaintiff makes a number of allegations in support of these claimed violations, including, inter alia, that he was "hindered from accessing and reviewing exculpatory material evidence"; his "trial counsel was prohibited from withdrawing"; he received exculpatory material regarding his criminal case that constitutes "newly discovered evidence"; his trial counsel provided ineffective assistance; and the state failed to preserve evidence and presented false testimony, which resulted in, inter alia, due process and equal protection violations. Consequently, the plaintiff sought (1) a declaration from the court that the acts and omissions described violated his constitutional rights to due process, a fair trial, equal protection, the effective assistance of counsel, and access to the court; (2) an injunction prohibiting certain witnesses "from testifying ever again in a court of law," with the exception of this case; (3) to have the court vacate his conviction and sentence and, if not release the plaintiff, provide him with a new trial; and (4) punitive damages in the amount of $250,000 for the denial of his right to a fair trial.

On July 31, 2023, the state filed a motion to dismiss pursuant to Practice Book § 10-30 et seq., with a supporting memorandum of law in which it alleged that, pursuant to the eleventh amendment to the federal constitution, the plaintiff was prohibited from pursuing claims for money damages against the state, as well as

---

[1] At oral argument before this court, the plaintiff also referred to the present action as his "petition for a new trial."

declaratory and injunctive relief, because the state is immune from suit and never waived its immunity from suit. The state also argued, in the alternative, that the plaintiff was collaterally estopped from relitigating issues in this action that are the same as the ones raised in his prior habeas petition and petition for a new trial, which were fully litigated before and decided by Judge Newson. In response to the state's motion to dismiss, the plaintiff filed an objection with a supporting memorandum of law, in which he countered the state's arguments about sovereign immunity and collateral estoppel and which included the statement, "[o]ral arguments required."

In an order dated September 18, 2023, the court granted the state's motion to dismiss, stating: "After review of the pleadings and both parties' memoranda of law, the court hereby grants the [state's] motion to dismiss. The [state] is shielded by sovereign immunity under the eleventh amendment [to] the constitution of the United States and the federal and state case law interpreting it. The plaintiff has failed to present any evidence that the [state] has waived such immunity, nor that Congress has abrogated it by its own action. The court declines to reach the other issues raised by the [state] since the lack of subject matter jurisdiction by way of immunity disposes of all issues raised in the motion to dismiss." This appeal followed.

In his appellate brief, the plaintiff sets forth the facts underlying this appeal and then asserts that the court abused its discretion when it dismissed this action. After again stating the grounds for this action and the plain error standard of review, his analysis consists of the following: he asserts that his undeniable rights to access of the court, to petition for redress of grievances, to due process and to equal protection, pursuant to various amendments and articles of the federal constitution, "were clearly violated in this instant matter for

the obvious reasons in addition to the trial court's dismissal of the petition for a new trial without oral argument in direct conflict with [his] rights and Practice Book § 11-18, which prohibits the trial court from dismissing said case without said oral argument." He then states that the court "acted as an administrative officer rather than judicial" and that it "committed said acts, to dismiss said case, in direct conflict with the United States constitution and applied statutes and/or the likes that are contrary to the United States constitution and the supreme laws for which the said trial court is bound by."

This court "repeatedly ha[s] stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [When] a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned. . . . For a reviewing court to judiciously and efficiently . . . consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . .

"We are mindful that [i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party. . . . Nonetheless, [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *C. B.* v. *S. B.*, 211 Conn. App. 628, 630, 273 A.3d 271 (2022). Courts adhere to the rule affording latitude to self-represented litigants "to

ensure that [self-represented] litigants receive a full and fair opportunity to be heard, regardless of their lack of legal education and experience . . . ." (Internal quotation marks omitted.) *Traylor* v. *State*, 332 Conn. 789, 806, 213 A.3d 467 (2019).

Our Supreme Court has cautioned, however, that "[t]his rule of construction has limits . . . ." (Internal quotation marks omitted.) Id. For example, our Supreme Court has stated: "The solicitous treatment we afford a self-represented party does not allow us to address a claim on his behalf when he has failed to brief that claim. See, e.g., *Deutsche Bank National Trust Co.* v. *Pollard*, 182 Conn. App. 483, 487, 189 A.3d 1232 (2018) ('Other than a broad and conclusory claim that the court too narrowly construed the transaction test, the defendant has provided this court with no argument specific to any count of his counterclaim; nor has he set forth any reasoning in support of the notion that his pleadings fall within the parameters of the transaction test. Although we recognize and adhere to the well-founded policy to accord leeway to self-represented parties in the appeal process, our deference is not unlimited; nor is a litigant on appeal relieved of the obligation to sufficiently articulate a claim so that it is recognizable to a reviewing court.' . . .); *Tonghini* v. *Tonghini*, 152 Conn. App. 231, 239–40, 98 A.3d 93 (2014) ('declin[ing] to enter into the statutory thicket of the family support magistrate laws without any meaningful assistance from the parties' and observing that 'the fact that the defendant is self-represented cannot excuse or cure . . . obvious inadequacies in the record'); *In re Nicholas B.*, 135 Conn. App. 381, 384, 41 A.3d 1054 (2012) (declining to review self-represented respondent's claim that his trial counsel rendered ineffective assistance because his 'argument is devoid of any legal

analysis, let alone citation to any authority,' and determining solicitude to self-represented parties was unwarranted because '[t]he major deficiencies in the presentation of this claim, which undeniably interfere with the petitioners' right to respond adequately to the claim, fall well outside of that degree of latitude afforded self-represented parties') . . . ." (Citation omitted.) *Traylor* v. *State*, supra, 332 Conn. 807.

In the present case, other than referring to the various articles of and amendments to the federal constitution, the plaintiff cites no authority in support of his first claim that his "undeniable rights" under the federal constitution have been violated, nor does he provide any analysis of applicable law or substantive argument regarding why the court's decision granting the state's motion to dismiss was improper. Significantly, he makes no reference to sovereign immunity, which is the sole basis for the court's decision granting the motion to dismiss. Rather, he asserts only that his rights "were clearly violated in this instant matter for the *obvious reasons*," without providing any analysis of those reasons. (Emphasis added.) The same is true with respect to the plaintiff's second claim. Aside from the one reference to Practice Book § 11-18,[2] the plaintiff's brief contains no analysis whatsoever of his second claim. The plaintiff's briefing on both claims is scant, consisting

---

[2] Pursuant to Practice Book § 11-18 (a), a motion to dismiss is a motion for which oral argument is a matter of right, provided certain conditions are met, including the conditions that "(1) the motion has been marked ready in accordance with the procedure that appears on the short calendar on which the motion appears, or (2) a nonmoving party files and serves on all other parties . . . a written notice stating the party's intention to argue the motion or present testimony. Such a notice shall be filed on or before the third day before the date of the short calendar date . . . ."

We note that, "[e]ven though Practice Book § 11-18 grants . . . oral argument as a matter of right, it is not automatic but must be claimed for argument as provided [by the rule]." (Internal quotation marks omitted.) *Wasilewski* v. *Commissioner of Transportation*, 152 Conn. App. 560, 569, 99 A.3d 1181 (2014).

of one half of one page in total, and it is conclusory and confusing. See *State* v. *Buhl*, 321 Conn. 688, 726, 138 A.3d 868 (2016) ("[a]lthough the number of pages devoted to an argument in a brief is not necessarily determinative, relative sparsity weighs in favor of concluding that the argument has been inadequately briefed"). His brief also fails to address the harmfulness of the court's alleged error in granting the motion to dismiss without oral argument thereon. See *Bradley* v. *Yovino*, 218 Conn. App. 1, 15, 24, 291 A.3d 133 (2023) (to prevail on claim that court improperly adjudicated motion for summary judgment, for which oral argument is matter of right under § 11-18, plaintiff also had to "demonstrate that the court's erroneous actions likely affected the result"); see also *Wasilewski* v. *Commissioner of Transportation*, 152 Conn. App. 560, 570, 99 A.3d 1181 (2014).

Even though we afford the self-represented plaintiff some latitude, that latitude cannot excuse his complete failure to address the basis for the court's decision granting the motion to dismiss or to provide any analysis of his claims on appeal. "The plaintiff's status as a self-represented party does not permit us to overlook that complete omission." *Traylor* v. *State*, supra, 332 Conn. 809. As a result, we are unable to conduct any meaningful review of the plaintiff's claims in this appeal due to inadequate briefing. See *C. B.* v. *S. B.*, supra, 211 Conn. App. 630; see also *State* v. *Godbout*, 229 Conn. App. 231, 236–37, 326 A.3d 1142 (2024). Accordingly, we affirm the judgment of the trial court. See *Traylor* v. *State*, supra, 809.

The judgment is affirmed.

In this opinion the other judges concurred.